209-06/MU
FREEHILL HOGAN & MAHAR, LLP
Attorneys for Plaintiff
80 Pine Street
New York, NY 10005
(212) 425-1900
(212) 425-1901 fax
Michael E. Unger (MU 0045)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
GENERAL NATIONAL MARITIME
TRANSPORT COMPANY,

                        Plaintiff,

     -against-

COMPAGNIE ALGERO-LIBYENNE DE
TRANSPORT MARITIME (CALTRAM),

                        Defendant.
------------------------------------------------------------x

RECEIVED MAY 10 2006 U.S.D.C. S.D.N.Y. CASHIERS

JUDGE SWAIN

06 CV 3534

06 CIV _____ ( )

**VERIFIED COMPLAINT**

Plaintiff GENERAL NATIONAL MARITIME TRANSPORT COMPANY, (hereinafter "Plaintiff" and/or "GNMTC"), by its attorneys Freehill, Hogan & Mahar, LLP, as and for its Verified Complaint against the named Defendant COMPAGNIE ALGERO-LIBYENNE DE TRANSPORT MARITIME (CALTRAM) (hereinafter "Defendant" and/or "CALTRAM") alleges upon information and belief as follows:

1.     This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure in that it involves a claim for the breach of a maritime contract of charter party. This case also falls under this Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. §1333, and this Court's federal question jurisdiction pursuant to 28 U.S.C. §1331 in that the action arises under the New York Convention on the Recognition and

Enforcement of Foreign Arbitral Awards, codified at 9 U.S.C. §201 *et seq.* and/or the Federal Arbitration Act, 9 U.S.C. §1 *et seq.*

2. At all times relevant hereto, Plaintiff GNMTC was and still is a foreign business entity duly organized and existing under the laws of Libya with a registered office in Tripoli, Libya.

3. At all times relevant hereto, the Defendant CALTRAM was and still is a foreign business entity duly organized and existing under the laws of a foreign country with its head office located at 19, rue des Freres Bouadou, Birmandreis, Alger, Algeria.

4. On or about September 21, 2004, Plaintiff, in the capacity as owner, entered into a maritime contract of charter party on the NYPE Form with Defendant CALTRAM under which Plaintiff GNMTC agreed to let and CALTRAM agreed to charter the vessel JAREF for a period of about 40 days.

5. Plaintiff GNMTC duly tendered the vessel into the service of CALTRAM and the contract was fully performed by GNMTC.

6. Defendant CALTRAM is in breach of the terms of the charter by having made improper deductions from hire, in the total sum of $347,211.27.

7. The charter party provides that any disputes arising thereunder shall be subject to London arbitration and Plaintiff GNMTC specifically reserves its rights to arbitrate the substantive matters at issue.

8. Upon information and belief, and after investigation, Defendant CALTRAM cannot be "found" within this district for the purpose of Rule B of the Supplemental Rules of Certain Admiralty and Maritime Claims, but Plaintiff is informed that Defendant has, or will shortly have, assets within this District comprising of, *inter alia*, cash, funds, credits, wire

transfers, electronic funds transfers, accounts, letters of credit, freights, sub-freights, charter hire and/or sub-charter hire, of, belonging to, due or for the benefit of Defendant (hereinafter, "ASSETS"), moving through banking institutions including but not limited to American Express Bank, Bank of New York, Bank of America, Citibank, JPMorgan Chase, Standard Chartered, and Wachovia, or others.

9.  In addition to an attachment in the full amount of the claim as outlined above, Plaintiff GNMTC also seeks an attachment over an additional sum to cover its anticipated attorneys' fees, costs and interest, all of which is recoverable in London arbitration.

10. Plaintiff estimates, as nearly as can be computed, these additional damages/costs to be $257,081.68, comprised of interest in the sum of $52,081.68 (computed on the principal amount sought at a rate of 5% for a period of 3 years - the estimated timeframe within which arbitration will be completed); and $205,000 estimated U.K. counsel fees and arbitrators' fees which will be incurred in conjunction with the London arbitration, and which are recoverable there.

11. Based upon the foregoing, therefore, the sum total sought to be attached in this action is $604,292.95.

WHEREFORE, Plaintiff GNMTC prays:

a.  That process in due form of law according to the practice of this Court may issue against Defendant CALTRAM, citing it to appear and answer the foregoing;

b.  That if Defendant cannot be found within this District pursuant to Supplemental Rule B, that all assets of Defendant up to and including the sum of $604,292.95 may be restrained and attached, including but not limited to any cash, funds, credits, wire transfers, electronic funds transfers, accounts, letters of credit,

freights, sub-freights, charter hire, sub-charter hire, and/or other assets of, belonging to, due or for the benefit of Defendant including but not limited to such assets as may be held, received or transferred in its own name or as may be held, received or transferred for its benefit at, moving through, or within the possession, custody or control of banking institutions including but not limited to: American Express Bank, Bank of New York, Bank of America, Citibank, JPMorgan Chase, Standard Chartered, and/or Wachovia and/or any other garnishee(s) upon whom a copy of the Process of Maritime Attachment and Garnishment issued in this action may be served;

c. That an Order be entered directing Defendant to proceed to London arbitration for the adjudication of the merits of the claim;

d. That this Court retain jurisdiction over the matter for any further or supplemental proceedings as may be necessary in order to give effect to the London arbitration; and

e. For such other, further and different relief as this Court may deem just and proper in the premises.

Dated: New York, New York
May 10, 2006

                              FREEHILL HOGAN & MAHAR, LLP
                              Attorneys for Plaintiff
                              GENERAL NATIONAL MARITIME
                              TRANSPORT COMPANY

By: _____
      Michael E. Unger (MU 0045)

80 Pine Street
New York, NY 10005
(212) 425-1900
(212) 425-1901 fax

## ATTORNEY VERIFICATION

State of New York   )
                    ) ss.:
County of New York  )

MICHAEL E. UNGER, being duly sworn, deposes and says as follows:

1. I am a partner with the law firm of Freehill Hogan & Mahar, LLP, attorneys for Plaintiff in this action, I have read the foregoing Verified Complaint and know the contents thereof, and the same is true to the best of my knowledge, information and belief.

2. The sources of my information and the grounds for my belief are communications, information and documentation provided by our client.

3. The reason this verification is made by an attorney and not by the Plaintiff is because the Plaintiff is a foreign entity, none of whose officers are presently within this Judicial District.

_____
Michael E. Unger (MU 0045)

Sworn to before me this
10th day of May 2006

_____
Notary Public

HAZEL S. ROSENTHAL
Notary Public, State of New York
No. 01RO4641178
Qualified in Queens County
Certified in New York County
Commission Expires Dec. 31, 2008