209-06/MU
FREEHILL HOGAN & MAHAR, LLP
Attorneys for Plaintiff
80 Pine Street
New York, NY 10005
(212) 425-1900
(212) 425-1901 fax
Michael E. Unger (MU 0045)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
GENERAL NATIONAL MARITIME
TRANSPORT COMPANY,

                    Plaintiff,

   -against-

COMPAGNIE ALGERO-LIBYENNE DE
TRANSPORT MARITIME (CALTRAM),

                    Defendant.
-------------------------------------------------------------x

JUDGE SWAIN

06 CV 3534

**UNGER AFFIDAVIT
IN SUPPORT OF ORDER
APPOINTING PERSON
TO SERVE PROCESS
PURSUANT TO RULE 4(c)
AND SCOPE OF SERVICE**

State of New York  )
                      ) ss.:
County of New York )

    MICHAEL E. UNGER, being duly sworn, deposes and says as follows:

    1.    I am a member of the Bar of the United States District Court, Southern District of New York, admitted to practice before this Court and am a partner with the law firm of FREEHILL HOGAN & MAHAR, LLP, attorneys for Plaintiff in this action.

    2.    I am fully familiar with the matters set forth in this affidavit, which is submitted in support of Plaintiff's application pursuant to Rule 4(c) of the Federal Rules of Civil Procedure for an Order appointing myself, Lawrence Kahn, Daniel Fitzgerald, Pamela Schultz, Jill Taft, Kerry Dinneen, Michael Elliott, Robert Ridenour, Joan Sorrentino, Barbara Carnevale or any

2

other partner, associate, paralegal or other agent of Freehill Hogan & Mahar, LLP, in addition to the United States Marshal, to serve the Process of Attachment and Garnishment issued pursuant to FRCP Supplemental Rule B upon the named garnishee(s) as well as any other garnishee(s) who (based upon information developed subsequent hereto) may hold assets of, for, or on behalf of the Defendant.

3. Plaintiff is desirous of serving the Process of Attachment and Garnishment on the garnishee(s) with all deliberate speed so that it will be fully protected against the possibility of not being able to satisfy a judgment that may ultimately be entered by Plaintiff against the Defendant.

4. To the extent the Application for an Order Appointing a Special Process Server with respect to this attachment and garnishment does not involve a restraint of physical property, there is no need to require that the service be effected by the Marshal as it simply involves delivery of the process to the respective garnishee(s).

5. Plaintiff also requests that the Court grant it leave to serve any additional garnishee(s) who may be discovered in the course of this litigation to be holding property of the Defendant within this District. By obtaining leave at this time to serve these other possible garnishees, it will facilitate prompt service of the Process without the need to return to the Court for permission to amend the process to simply name other garnishees.

6. In addition, and to avoid the need to repetitively serve the garnishees/banking institutions, Plaintiffs respectfully seek leave, as embodied in the accompanying proposed orders, for any Process served on a garnishee to be deemed effective and continuous throughout any given day on which process is served up through the next day, to authorize service by facsimile

or email following an initial service of the process by hand, and to deem such facsimile or email service as being accomplished within the district if it is transmitted from within the district.

_____
Michael E. Unger (MU 0045)

Sworn to before me this
10th day of May, 2006

_____
Notary Public

HAZEL S. ROSENTHAL
Notary Public, State of New York
No. 01RO4641178
Qualified in Queens County
Certified in New York County
Commission Expires Dec. 31, 2006