209-06/MEU
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

GENERAL NATIONAL MARITIME
TRANSPORT COMPANY,

                                                                       **06 CIV. 3534 (LTS)**

          Plaintiff,

-against-

COMPAGNIE ALGERO-LIBYENNE DE
TRANSPORT MARITIME (CALTRAM),

          Defendant.
-------------------------------------------------------------x

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO RECOGNIZE AND ENFORCE ARBITRAL AWARD AS JUDGMENT AND FOR FURTHER JUDGMENT OF REASONABLE ATTORNEYS FEES**

                                                         FREEHILL HOGAN & MAHAR, LLP
                                                         Attorneys for Plaintiff
                                                          GENERAL NATIONAL MARITIME
                                                          TRANSPORT COMPANY
                                                          80 Pine Street
                                                         New York, NY 10005
                                                         (212) 425-1900 / (212) 425-1901 (fax)

Of Counsel:
Michael E. Unger (MU 0045)
Jan P. Gisholt (JG 3768)

NYDOCS1/288796.3

## PRELIMINARY STATEMENT

Plaintiff herein, General National Maritime Transport Company ("GNMTC"), by and through its undersigned counsel, Freehill Hogan & Mahar, LLP, respectfully submits this Memorandum of Law, together with the supporting Tookey Declaration and Unger Affirmation in Support of GNMTC's motion pursuant to the New York Convention on the Recognition and Enforcement of Foreign Arbitral Awards ("New York Convention"), June 10, 1958, 21 U.S.T. 2517, 330 U.N.T.S. 38, 9 U.S.C. §201 *et seq.* to recognize and enforce a foreign arbitral award in its favor and for a further judgment of reasonable attorneys fees necessarily incurred in collecting on the arbitral award which Defendant Compagnie Algero-Libyenne de Transport Maritime ("CALTRAM") has in bad faith refused or otherwise failed to honor. As will be seen below, GNMTC has satisfied the required elements of the New York Convention for recognition and enforcement of the arbitral award and therefore the arbitral award should be recognized and enforced as a Judgment of this Court.

## FACTS

The underlying facts are fully set forth in the accompanying Declaration of Fenella Tookey, and the Court is respectfully referred thereto.

In sum, the underlying dispute arises from a maritime contract of charter party under which GNMTC, as owner of the M/V JAREF, agreed to let the vessel to CALTRAM, as charterer. Despite multiple requests for payment, CALTRAM refused or otherwise failed to pay GNMTC charter hire in full as required and also owed GNMTC an indemnity related to a cargo damage claim.

The Charter contained an arbitration clause requiring submission of all disputes to arbitration at London, England. A certified copy of the Charter, with its written

NYDOCS1/288796.3                             1

agreement to arbitrate at Clause 45, is annexed as Exhibit 1 to the Tookey Declaration. In accordance with Clause 45(b) of the Charter, GNMTC submitted the dispute to arbitration in London. The parties agreed on a sole arbitrator and arbitration was held in accordance with the Rules of the London Maritime Arbitrators Association ("LMAA"), wherein both parties were represented by counsel and presented submissions to the arbitrator.

CALTRAM refused or otherwise failed to provide security for GNMTC's claim and GNMTC commenced this action in order to secure a potential arbitral award in GNMTC's favor. This Court granted GNMTC's application for a Rule B attachment and funds belonging to CALTRAM were restrained pursuant to the Order of Attachment.

A final arbitral award in GNMTC's favor was issued on June 7, 2007, a certified copy of which is annexed as Exhibit 2 to the Tookey Declaration. That award granted GNMTC the following as against CALTRAM (Tookey Declaration ¶11):

(a) The sum of $275,252.36 (Two Hundred Seventy Five Thousand Two Hundred Fifty Two United States Dollars and Thirty Six Cents) together with interest on that sum from 16th April 2005 at the annual rate of 6.75% compounded every three months until payment;

(b) Interest on the sum of $66,611.89 from 16th April 2005 at the annual rate of 6.50% compounded every three months until 25th October 2006;

(c) The sum of €37,500 (Thirty Seven Thousand Five Hundred Euros) together with interest on that sum from 24th October 2006 at the annual rate of 5.00% compounded every three months until payment.

(d) The sum paid for the Award (£4,800.00) (Tookey Declaration ¶12) together with interest at the rate of 7.75% per annum compounded every three months from the date of payment (June 14, 2007) (Tookey

Declaration ¶12) until the date of reimbursement.

In addition, a Final Award on Costs in GNMTC's favor was issued on January 30, 2008, a certified copy of which is annexed as Exhibit 3 to the Tookey Declaration. That Final Award on Costs granted GNMTC the following as against CALTRAM (Tookey Declaration ¶13):

(a) GNMTC's recoverable costs and disbursements of the First Final Award in the agreed sum of £12,903.57 together with interest at the annual rate of 8.25% compounded every three months from June 7, 2007 until payment.

(b) GNMTC's recoverable costs of the Application for the costs of the Final Award on Costs in the sum of £862.00 together with interest at the annual rate of 8.25% compounded every three month from October 30, 2007 until payment.

(c) Reimbursement of the costs of the Final Award on Costs in the sum of £375.00 together with interest at the annual rate of 8.25% compounded every three months from the date of payment by GNMTC until the date of payment by CALTRAM. GNMTC paid, in the first instance, the cost of the Final Award on Costs, which was acknowledged by the sole arbitrator on January 30, 2008.

Despite multiple demands made of CALTRAM to pay against the Award, CALTRAM has – in bad faith – refused or otherwise failed to pay any amount. This application seeks enforcement of the foreign arbitral award as a judgment and also seeks recovery of attorney fees incurred here in enforcing the arbitral award that ought to have been paid.

NYDOCS1/288796.3                                3

## ARGUMENT

### Point I

### THE COURT SHOULD RECOGNIZE AND ENFORCE THE ARBITRAL AWARD AGAINST CALTRAM AS A JUDGMENT OF THIS COURT

The United States and England are signatories to the New York Convention for the Recognition and Enforcement of Foreign Arbitral Awards ("the New York Convention"). The Convention is codified at 9 U.S.C. §201 *et seq.* The New York Convention applies to "arbitral awards not considered as domestic awards in the State where their recognition and enforcement are sought." 9 U.S.C. §201, Article I, §1.

The arbitral Award rendered in this matter was made in London, England, and therefore was not a domestic award in the State of New York or of the United States. Accordingly, the subject arbitral award is one in which recognition and enforcement under the New York Convention may be sought.

This application is timely. The Convention applies only to foreign arbitral awards rendered within three years. The subject award was issued on June 7, 2007, which is well within this limit.

The New York Convention requires the party seeking recognition and enforcement of a foreign arbitral award provide the following:

(a) The duly authenticated original award or a duly certified copy thereof; and

(b) The original agreement to arbitrate or a duly certified copy thereof.

9 U.S.C. §201, Article IV, Section 1.

In this matter, Plaintiff GNMTC has provided a duly certified copy of the arbitral award and has provided a duly certified copy of the original agreement to arbitrate (which is contained within the Charter at Clause 45(b)). These documents are annexed as

NYDOCS1/288796.3                                      4

Exhibits 1 and 2 respectively to the Tookey Declaration. Upon submission of these documents, the Court *must* recognize and enforce the foreign arbitral award. 9 U.S.C. §201, Article III.

Pursuant to the terms of the New York Convention, recognition and enforcement may be refused *only if* the party against whom recognition and enforcement is invoked furnishes proof pursuant to one of the few exceptions enumerated in Article V of the Convention. 9 U.S.C. §201, Article V. It is respectfully submitted that no such proof exists or can in good faith be submitted in this matter.

No appeal has been made against the arbitral award, and the arbitral award is final and capable of enforcement.

In light of the foregoing, Plaintiff GNMTC respectfully submits that the arbitral award is subject to recognition and enforcement pursuant to the New York Convention and should be entered as a judgment of this Court.

**Point II**

**GNMTC SHOULD BE AWARDED REASONABLE ATTORNEYS FEES
IN CONNECTION WITH ENFORCING THE AWARD**

This Court has sufficient independent authority to award reasonable attorneys' fees and costs incurred by GNMTC as a result of CALTRAM's failure to satisfy the arbitral award rendered in the London arbitration. *See, e.g.,* In the Matter of the Arbitration Between Bulkcarriers, Ltd. and Societe Al Alam Int'l, 1983 A.M.C. 1501, 1502 (S.D.N.Y. 1983) ("[i]t has been held that a court may assess attorney's fees for willful and unjustified refusal to abide by an arbitrator's award") (*citing* Nat'l Ass'n of Letter Carriers v. U.S. Postal Serv., 590 F.2d 1171 (D.C. Cir. 1978); United Steelworkers

of Am. v. Interpace Corp., 447 F. Supp. 387 (W.D. PA. 1978); see also Int'l Union of District 50, United Mine Workers of Am. v. Bowman Transp. Inc., 421 F.2d 934, 935 (5th Cir. 1970) (the court in the exercise of equity may grant a petitioner's request for costs and attorneys fees).

CALTRAM agreed to arbitrate this matter at London. It was represented by counsel, agreed to abide by the decision of the sole arbitrator, presented submissions to the arbitrator and participated in the arbitration. Notwithstanding, CALTRAM has willfully and unjustifiably refused to abide by the arbitrator's award, causing GNMTC to engage in collection efforts in England and the United States. Such behavior is *per se* in bad faith. CALTRAM even attempted to evade service of process in this action, intentionally deceiving DHL couriers into believing that the company had moved to an undisclosed address, causing GNMTC to incur substantial costs in effecting service. CALTRAM thereby compounded its bad faith refusal to abide by the arbitrator's decision by engaging in contumacious and vexatious behavior which should not be countenanced by this Court.

Plaintiff GNMTC therefore respectfully requests that the judgment to be rendered against Defendant CALTRAM be augmented to include GNMTC's reasonable attorney's fees and costs, in the amount of $25.293.89 (as set forth in the accompanying Unger Affirmation, ¶26-29), which were necessarily incurred in bringing this action to enforce the arbitral award.

## CONCLUSION

For all the foregoing reasons, GNMTC's motion to recognize and enforce the arbitral Award (and Final Award on Costs) as a Judgment of this Court should be granted and GNMTC should also be granted further judgment of its reasonable attorneys fees in

connection with enforcing the arbitral award against CALTRAM.

Dated: New York, New York
       March 25, 2008

>                    FREEHILL HOGAN & MAHAR, LLP
>                    Attorneys for Plaintiff
>                    General National Maritime Transport Company
>
> By:                _____
>                    Michael E. Unger (MU 0045)
>                    Jan P. Gisholt (JG 3768)
>                    80 Pine Street
>                    New York, NY  10005
>                    (212) 425-1900
>                    (212) 425-1901 fax