

**Lennon,
Murphy &
Lennon,** LLC

ATTORNEYS AT LAW

The GrayBar Building
420 Lexington Ave., Suite 300
New York, NY 10170
phone (212) 490-6050
fax (212) 490-6070
www.lenmur.com

Tide Mill Landing
2425 Post Rd, Suite 302
Southport, CT 06890
phone (203) 256-8600
fax (203) 256-8615
mail@lenmur.com



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
APR 1 1 2008

April 10, 2008

<u>Via Facsimile: (212) 805-0426</u>
Hon. Laura Taylor Swain
United States District Judge
Southern District of New York
United States Courthouse
500 Pearl Street
New York, NY 10007

**MEMO ENDORSED**

Re: <u>General National Maritime Transport Co. v. Compagnie Algero –Libyenne de Transport (Caltram)</u>
Docket No.: 06 Civ. 3534 (LTS)
LML ref: 1256

Dear Judge Swain:

    We are counsel for the Defendant, Compagnie Algero–Libyenne de Transport ("Caltram") in the above referenced action. Plaintiff commenced this action pursuant to Supplemental Admiralty Rule B for the purpose of obtaining security for an arbitration award rendered in its favor and against Caltram. Plaintiff succeeded, in 2006, in obtaining *full* security by attaching Caltram's funds within the District.

    On March 26, 2008, Plaintiff filed a motion to recognize, confirm and enforce the arbitration award(s) in its favor pursuant to the New York Convention the Recognition and Enforcement of Foreign Arbitral Awards. As part of its motion, Plaintiff has sought to recover the legal fees it has allegedly incurred in relation to the action before this Court. After the motion was filed, we contacted counsel for the Plaintiff and confirmed that Caltram was prepared to enter a stipulated judgment confirming the arbitration award(s) and also to provide for the immediate full satisfaction from the Caltram funds under attachment of all amounts due under the arbitration award(s). However, Plaintiff has insisted that Caltram agree to pay its legal fees allegedly incurred in this action.

    Caltram remains prepared to stipulate to a judgment on the arbitration award(s) in Plaintiff's favor, without the need for further motion practice before the Court, and to stipulate to satisfaction of the arbitration award(s) in full from its funds under attachment within the District. However, Caltram objects to Plaintiff's demand for payment of its legal fees incurred in relation to the action before this court as such fees are neither statutorily authorized nor warranted. Caltram acknowledges that the Court does have discretion to award legal fees in appropriate circumstances, but typically the award of

Patrick F. Lennon    Charles E. Murphy    Kevin J. Lennon    Nancy R. Siegel    Anne C. LeVasseur    Coleen A. McEvoy

legal fees is limited to cases where the Defendant has acted in bad faith or otherwise violated a prior Court order. Here, there is no evidence that Caltram has engaged in any improper conduct. If necessary, Caltram is prepared to submit to the Court an affidavit refuting Plaintiff's spurious allegations of "contumacious," "bad faith" conduct on Caltram's part.

In sum, Caltram seeks to avoid burdening the Court with further submissions on Plaintiff's motion to confirm the arbitration award(s) in its favor and stands prepared to enter a stipulation resolving the entire matter. However, if Plaintiff insists on maintaining its pursuit of the recovery of its legal fees allegedly incurred in connection with the action before the Court, Caltram is prepared to vigorously protect its rights.

Caltram respectfully requests that the Court schedule a conference as soon as possible to discuss the matters set forth above.

Respectfully submitted,

Patrick F. Lennon

PFL/bhs

cc: *Via Facsimile: (212) 425-1901*
Michael E. Unger, Esq.
FREEHILL HOGAN & MAHAR, LLP
80 Pine Street
New York, NY 10005-1759

The parties are requested to contact promptly the chambers of Magistrate Judge Freeman, to whom this case is now referred for settlement purposes, to request a settlement conference.

SO ORDERED.

4/11/08
LAURA TAYLOR SWAIN
UNITED STATES DISTRICT JUDGE